# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL WAYNE WADDLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-01451-WMA-JEO |
| | ) |
| GOVERNOR ROBERT BENTLEY, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

The plaintiff, Michael Wayne Waddle, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged during his incarceration at the Childersburg Community Work Center in Childersburg, Alabama. (Doc. 1). The plaintiff names as defendants Governor Robert Bentley, Commissioner Jeff Dunn, and Warden Joseph Headley. The plaintiff seeks monetary and injunctive relief. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

1

## I. Standard of Review

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, 28 U.S.C. §1915A, requires the court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint it determines is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  Where practicable, the court may *sua sponte* dismiss a prisoner's complaint prior to service.  See 28 U.S.C. § 1915A(a).

A dismissal pursuant to § 1915A(b)(1) for failure to state a claim is governed by the same standards as dismissals for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).   To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Because "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys[,]" they are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

## II.  Factual Allegations

The plaintiff alleges the dorm at the Childersburg Community Work Center is poorly ventilated, causing higher temperatures inside the dorm than outside. (Doc. 1 at 4).  He claims doors and windows will not close properly which results in an infestation of bugs and mice.  (*Id*.).  He states that flies are so numerous that it is "unbearable."  (*Id*.).

The plaintiff also states that the laundry is inadequate and clothes are not washed properly.  (Doc. 1 at 5).  He claims restrooms are dilapidated, sinks are rusty, and water stands about an inch deep in the shower area.  (*Id*.).  The plaintiff alleges leaches crawl up through the sinks and toilets and feces is present under the sinks.  (*Id*.).  He asserts that there have been numerous roof leaks and the kitchen is infested with mice and roaches.  (*Id*.).

The plaintiff further claims there is a waste treatment pond within feet of the dorm and the odor from it makes him nauseous.  (Doc. 1 at 6).  He states the dorm is overcrowded and the beds are very close together.  (*Id*.).

For relief, the plaintiff requests $1,500,000.00 in damages for his "health problems" and that Childersburg Work Center be condemned or repaired immediately.  (Doc. 1 at 5).

### III.  Analysis

The plaintiff complains about the conditions under which he is confined at the Childersburg Community Work Center.  Specifically, the plaintiff complains of inadequate ventilation, doors and windows that will not close properly, inadequate laundry, dilapidated and unsanitary restrooms, roof leaks, mice and roach infestation, overcrowding, and the presence of leaches in sinks and toilets.  (Doc. 1 at 4-6).  The plaintiff seeks damages for his "health problems."  (*Id*. at 5).

**A. Governor Robert Bentley**

The plaintiff names Governor Robert Bentley as a defendant but does not allege that Bentley personally violated any of his constitutional rights.  In fact, the plaintiff fails to mention Bentley anywhere in the body of his complaint.  (Doc. 1).  Vague, general, or conclusory allegations are insufficient to merit relief under 42 U.S.C. § 1983, much less a complete lack of any allegation.  *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  Even under the so-called notice rules of pleading, the complaint must state a cause of action sufficient to affirmatively show the plaintiff is entitled to relief, since "[i]t is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery."  *Id*. at 556

(citations omitted).  Based on the foregoing, defendant Bentley is due to be dismissed for the plaintiff's failure to state a claim against him.

To the extent the plaintiff seeks to implicate defendant Bentley based on the conduct of his subordinates under the concept of respondeat superior, "[i]t is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.'"  *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994)).  Nevertheless, "[s]upervisory liability under section 1983 may be shown by either the supervisor's personal participation in the acts that comprise the constitutional violation or the existence of a causal connection linking the supervisor's actions with the violation."  *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988).

> A causal connection may be established when: 1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so.

*Valdes v. Crosby*, 450 F.3d 1231, 1237 (11th Cir. 2006) (citing *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)).  "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences."

*West v. Tillman*, 496 F.3d 1321, 1329 (11th Cir. 2007) (internal quotation marks and citation omitted).

The plaintiff does not allege a history of widespread abuse such that defendant Bentley was on notice of the need to protect inmates from certain conditions at Childersburg. Neither does the plaintiff allege that defendant Bentley maintained customs or policies that resulted in deliberate indifference to the plaintiff's health and safety nor that defendant Bentley directed his subordinates to act unlawfully or knew they would act unlawfully and failed to stop them from doing so. Therefore, the plaintiff has failed to sufficiently allege a claim for supervisory liability against Bentley for violating his Eighth Amendment rights.

### B. Commissioner Jeff Dunn & Warden Joseph Headley

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). In order to establish an Eighth Amendment violation, a plaintiff "must prove three elements: (1) a condition of confinement that inflicted unnecessary pain or suffering [constituting cruel and unusual punishment], . . . (2) the defendant's 'deliberate indifference' to that condition, . . . and (3) causation . . . ." *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993) (footnote and internal citations omitted). Whether a particular condition of confinement constitutes cruel and unusual punishment is an

objective inquiry; whether prison officials were deliberately indifferent to that condition is a subjective inquiry. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

Prison conditions amount to cruel and unusual punishment when they result in "unquestioned and serious deprivation of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Eighth Amendment proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Id*. Only actions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to establish constitutional violations. *Id*. The Constitution "does not mandate comfortable prisons." *Id.* at 349.

The plaintiff has alleged sufficient facts in his complaint concerning the conditions of confinement at Childersburg Community Work Center to warrant a response from defendants Dunn and Headley.

## IV.  Recommendation

Accordingly, for the reasons stated above, the magistrate judge **RECOMMENDS** that the plaintiff's Eighth Amendment conditions of confinement claims against defendant Bentley be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The magistrate judge further **RECOMMENDS** that the plaintiff's Eighth Amendment conditions of confinement claims against

defendants Dunn and Headley be **REFERRED** to the undersigned for further proceedings.

### V.  Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation.  Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered.  Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection. Failure to object to factual findings will bar later review of those findings, except for plain error.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).  Objections also should specifically identify all claims contained in the complaint which the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

On receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge.  The district

judge also may refer this action back to the magistrate judge with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

**DATED** this 23rd day of March, 2016.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge